UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: KIMBERLY MICHELLE EDWARDS, Debtor. | : : : : : : | CIVIL ACTION NO. 3:07-cv-365 (VLB) March 27, 2008 |

## RULING ON BANKRUPTCY APPEAL

This appeal arises from a bankruptcy proceeding initiated by the appellee, Kimberly Michelle Edwards. The appellant, Bonnie C. Mangan, the Chapter 7 trustee, appeals a February 2, 2007, ruling by the bankruptcy court (*Krechevsky, J*), apportioning the majority of a 2005 jointly filed income tax refund to Edwards's non-debtor spouse. For the reasons hereinafter set forth, the decision of the bankruptcy court is AFFIRMED.

The facts relevant to this appeal are undisputed. Edwards filed a voluntary petition for protection under Chapter 7 of the United States Bankruptcy Code on October 3, 2005. Mangan was appointed trustee of Edwards's estate. Edwards and her non-debtor spouse jointly filed their 2005 tax return. The couple had a total of $12,798.00 withheld in 2005, of which the non-debtor spouse contributed $12,615.00. Edwards contributed $183.00 to the withholding. The couple is entitled to a total tax refund of $10,106.00.

Mangan filed a claim for fifty percent of the tax refund attributable to pre-bankruptcy petition earnings, totaling $3,820.06. The bankruptcy court ruled in

1

favor of Edwards, finding that the estate could only claim the amount of the tax refund proportional to the withholdings Edwards contributed, or $109.25. Mangan appealed the decision of the bankruptcy court on March 8, 2007.

The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). On appeal, the court reviews the factual findings of the bankruptcy court for clear error and conclusions of law are reviewed <u>de novo</u>. <u>See</u> Fed. R. Bankr. P. 8013; <u>In re Bonnanzio</u>, 91 F.3d 296, 300 (2d Cir. 1996).

The only issue before the court on appeal is how to apportion a refund on taxes filed jointly by a debtor and non-debtor spouse. The majority of courts to consider this issue apportion the tax refund commensurate with the amount of withholdings contributed by each spouse. <u>See</u> <u>In re Kleinfeldt</u>, 287 B.R. 291, 292-93 (10th Cir. 2002). Put more simply, you take out what you put in. These courts find that principles of property law are applicable to the apportionment of tax refunds in a bankruptcy proceeding. <u>See</u> <u>In re Lock</u>, 329 B.R. 856, 859 (Bankr. S.D. Ill. 2005). A minority approach has courts applying matrimonial law to find that each spouse owns the refund equally. <u>See</u> <u>In re Marciano</u>, 372 B.R. 211, 214-16 (Bankr. S.D.N.Y. 2007).

The court finds that the majority approach is appropriate and that the bankruptcy court did not err in attributing to Edwards only the amount of the joint tax refund that accurately reflected the withholdings she contributed. This district previously answered the same question by applying the majority

approach.  See In re Bourdreau, 350 F. Supp. 644 (D. Conn. 1972) (*Newman, J*).  Such an approach is appropriate in Connecticut because the state's property laws emphasize the independent property rights of husband and wife.  Id. at 645; Conn. Gen. Stat. § 46b-36.

The court also recognizes the policy considerations favoring the majority approach.  "[T]he policy rationale behind divorce and bankruptcy proceedings is sufficiently inapposite to distinguish the divorce cases.  In divorce proceedings, a court is concerned with the equitable distribution of the assets between the spouses.  In bankruptcy proceedings, however, the court is concerned with the equitable distribution of assets among creditors of the debtor."  In re WDH Howell, 294 B.R. 613, 617 (Bankr. D.N.J. 2003).  Further, under Connecticut matrimonial law factors beyond the assets and income of the husband and wife are considered when dividing their joint estate.  See Conn. Gen. Stat. § 46b-81(c).[1]  The Second Circuit has found that the "filing of joint tax returns does not alter property rights between husband and wife.  In particular, the filing of a joint return does not have the effect of converting the income of one spouse into the

---

[1] That section provides: "In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income.  The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

3

income of another." See Callaway v. Commissioner, 231 F.3d 106, 117 (2d Cir. 2000).

Mangan asks the court to go against the majority and ignore Bourdreau without pointing to any change in controlling law. In doing so, she cites to recent cases from New York applying the minority approach's equivalent distribution between spouses based on matrimonial law. See In re Marciano, 372 B.R. 211; In re Barrow, 306 B.R. 28 (Bankr. W.D.N.Y. 2004); In re Hejmowski, 296 B.R. 645 (Bankr. W.D.N.Y. 2003). Mangan overlooks the inherent differences between New York and Connecticut law. As the court recently explained in In re Marciano, there is no body of property law in New York on which courts can base an application of the majority approach. Id. at 215. The New York courts had no choice but to apply matrimonial law in dividing tax refunds between husband and wife. Id. ("While the Court understands the purpose and difference of these two bodies of law, in New York State there appears to be no other property law that offers more helpful guidance in apportioning each spouse's property interest"). As explained above and in Bourdreau, Connecticut property law provides bankruptcy courts in this district with sufficient guidance to apply the majority approach.

Based on the above reasoning, the ruling of the bankruptcy court is AFFIRMED. Each spouse is entitled to the amount of a jointly filed tax refund proportional to the amount of withholdings he or she contributed that year. The clerk shall close the case file.

**IT IS SO ORDERED.**

                     _____/s/_____

**Vanessa L. Bryant**

**United States District Judge**

**Dated at Hartford, Connecticut: March 27, 2008.**